**FILED**

02/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0035

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0035

PETER JON HALLBERG,

Petitioner,

v.

CAPTAIN ALAN HUGHES,

Respondent.

FILED

FEB 0 2 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Peter Jon Hallberg has filed a Petition for a Writ of Habeas Corpus and includes a sentence calculation from the Department of Corrections (DOC) Montana State Prison (MSP) Records Department. He contends that the Records Department has calculated his discharge date incorrectly.

Hallberg explains his calculations and his understanding of § 46-23-217, MCA (2019). Section 46-23-217, MCA, provides, in part: "A prisoner who commits a crime while imprisoned in a state prison or while released on parole or under the supervised release program and who is convicted and sentenced for the crime shall serve the sentence consecutively with the remainder of the original sentence." He puts forth that he would have discharged his original sentence at the same time as his subsequent sentence because the sentences should run concurrently. He points out that his discharge date of his original sentence was November 1, 2018, and that on September 26, 2013, he was granted parole on his original sentence. Hallberg acknowledges that he violated parole with a new felony conviction in 2014.

Hallberg adds that he earned parole again on December 27, 2016,[1] and that he also garnered a new felony offense in 2017. Given all that, Hallberg calculates that he is past his discharge date on all his sentences because of the applicable credit for time served and all sentences running concurrently.

The MSP Records Department calculates sentences based upon an offender's written judgment. We secured copies of Hallberg's written judgments for his three sentences. During a six-week period in fall of 2003, Hallberg committed several offenses in Lewis and Clark County. The State of Montana initially charged Hallberg with eleven felony counts, including burglary, theft, and forgery, in the Lewis and Clark County District Court. The State later dismissed two counts. On July 14, 2004, the District Court sentenced Hallberg to MSP for a concurrent, twenty-year term with five years suspended for eight convictions to be followed by a twenty-year, suspended term to MSP for the ninth conviction.

As Hallberg stated in his Petition, he was charged with a new felony, while on parole, in 2014. On February 19, 2015, the Yellowstone County District Court sentenced Hallberg for criminal possession of dangerous drugs to the DOC for five years with two years suspended (hereinafter 2014 sentence). The District Court stated that the 2014 sentence was "to run consecutively to current sentence."

In December 2017, the State charged Hallberg with felony criminal possession of dangerous drugs and misdemeanor assault in Yellowstone County District Court. Hallberg pleaded guilty, and in 2018, the District Court committed Hallberg to the DOC for a three-year term "to run consecutively to any other sentence currently serving." The court also imposed a concurrent, six-month term for the misdemeanor.

---

[1] His second period of parole remains an option under the statute Hallberg cites. "However, the prisoner remains eligible for parole consideration under 46-23-201 in regard to the original sentence." Section 46-23-217, MCA.

Upon review of Hallberg's Petition and MSP's sentence calculation, we conclude MSP Record Department correctly calculated Hallberg's sentences. First, his most recent sentences from Yellowstone County all run consecutively to his original sentence from Lewis and Clark County. The written judgments stated this, and § 46-23-217, MCA, confirms that the sentences are to run consecutively.

Second, Hallberg must serve the custodial portion of each sentence prior to serving any probationary time. Section 46-18-201, MCA. The MSP's sentence calculation reflects this. For Hallberg's original sentence, the custodial or prison sentence did expire on November 1, 2018; the custodial term for the original sentence is done. However, that prison discharge date is not the same for his remaining two sentences. "If paroled from the original sentence, the prisoner shall begin serving the subsequent sentence." Section 46-23-217, MCA. Instead, Hallberg began serving his three-year prison term on November 1, 2018, for the 2014 sentence from Yellowstone County. Because Hallberg earned almost a year of credit for time served—364 days—his prison discharge date is November 1, 2020. For his remaining Yellowstone County sentence imposed in 2018, he must serve three years in prison minus the 318 days of credit for time served. His custodial or prison term starts on November 1, 2020, the end date for his 2014 sentence, and expires on December 18, 2022.

Hallberg has not demonstrated any error with his sentence calculation by the DOC MSP Records Department. He misunderstands § 46-23-217, MCA, which requires the second and subsequent sentences be served consecutively. Section 46-18-401(4), MCA, reads: "Separate sentences for two or more offenses must run consecutively unless the court otherwise orders." The sentencing judge in Yellowstone County ran both sentences consecutively to each other and to his original sentence. Hallberg has not demonstrated illegal incarceration, and he is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that Hallberg's Petition for a Writ of Habeas Corpus is DENIED.

3

The Clerk is directed to provide a copy of this Order to counsel of record and to Peter Jon Hallberg personally.

DATED this ___2nd___ day of February, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices